```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                      DISTRICT OF VERMONT
```

United States of America        :
                                :
         v.                     :        File No. 1:88-CR-54
                                :
Michael Connarn                 :

                          OPINION AND ORDER
                          (Papers 77 and 78)

Defendant Michael Connarn, a federal inmate currently incarcerated in Pennsylvania, has filed a *pro se* motion asking the Court to order his continued detention.  Connarn is nearing the end of his prison term, and is scheduled to be placed on supervised release.  He informs the Court that he intends to decline supervised release, and moves for "a federal detainer against him" so that he does not have intentionally violate the conditions of his release.  Connarn reports that his current prison term will expire on May 25, 2010.

Connarn's reasons for seeking a detainer are varied.  In one section of his motion, he talks about his plans to donate significantly to charities, and explains that the business work he would undertake in order to raise the money "will likely include foreign travel" and other engagements that will render compliance with release conditions impossible.  (Paper 77 at 7).  He also discusses his reluctance to be the "poster boy" for a Bureau of Prisons program that allows early release of older prisoners who have served over 75% of their sentence.  Id. at 9-

10. Connarn further contends that he lost any desire to be placed on supervised release when his mother died in 2003. Id. at 6-7.

The government opposes the motion, arguing that Connarn has not suffered any cognizable injury, and that there is therefore no "case or controversy" currently before the Court. The government also submits that any order terminating supervised release under 18 U.S.C. § 3583 would be premature, that a habeas corpus petition under 28 U.S.C. § 2255 would be untimely, and that a challenge to the execution of Connarn's sentence under 28 U.S.C. § 2241 is brought in the wrong venue. (Paper 80).

Connarn responds that he is "not fighting or arguing any of the points raised by the government." (Paper 81 at 2). Instead, he insists that his motion is merely a "pre-emptive strike" so that he does not have to intentionally violate his conditions of release. Id. at 9. "It would be embarrassing for all parties if Movant is forced to perform the dog-and-pony show sometime in 2010 with Probation and Parole and raise the unavoidable 'I-told-you-so-Kodak-moment' when the revocation hearing and sentencing is held. Just schedule a sentencing hearing no later than the middle of June 2010." Id. at 8.

Connarn offers no valid legal basis for granting him a detainer. As the government appropriately argues, any relief under 18 U.S.C. § 3583 would be premature, as that statute does

not authorize relief prior to the commencement of the supervised release period. Connarn insists that he is not bringing a habeas corpus petition, and any challenge to his conviction or sentence would indeed be untimely. 28 U.S.C. § 2255; Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998). To the extent that Connarn is seeking a modification of his sentence under 18 U.S.C. § 3582(c), he has failed to satisfy any of the conditions required for such modification.

Connarn was sentenced in 1990 to 25 years' imprisonment, to be followed by six years of supervised release. He now asks the Court to alter his sentence and order his continued detention. Because Connarn has failed to identify a valid legal ground for granting such relief, his motion (Paper 77) is DENIED. Connarn's motion for an expedited ruling (Paper 78) is DENIED as moot.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 19th day of October, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge